# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                Case No. 06-CR-9

**MARVIN CLEMENTS**
    **Defendant.**

## ORDER

A jury convicted defendant Marvin Clements of possessing a firearm as a felon, and I sentenced him to 48 months in prison. Defendant appealed, and the Seventh Circuit affirmed his conviction. United States v. Clements, 522 F.3d 790 (7th Cir.), cert. denied, 129 S. Ct. 130 (2008). Defendant then moved to vacate his conviction and sentence under 28 U.S.C. § 2255; I denied that motion, and defendant took no appeal.

Defendant now moves for a writ of audita querela, seeking dismissal of the indictment because his trial did not commence within the time required by the Speedy Trial Act, 18 U.S.C. § 3161. He relies on the Supreme Court's decision in Zedner v. United States, 547 U.S. 489 (2006).

I must dismiss the motion for lack of jurisdiction. Defendant has exhausted his ability to attack his conviction under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which generally affords prisoners just one round of collateral review. See Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002). Regardless of the label, any subsequent motion attacking the prisoner's conviction must, absent permission from the court of appeals to commence a second or successive collateral attack, be dismissed. Melton v. United States,

359 F.3d 855, 857 (7th Cir. 2004). As the court explained in Melton:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Id. (internal citations omitted). Because defendant has already received a round of collateral review under § 2255, provides no reason why § 2255 was inadequate to raise the claim now presented,[1] and has not obtained permission from the court of appeals to launch a second collateral attack, the instant motion must be dismissed. See id. at 858 (ordering dismissal for want of jurisdiction a petition for a writ of audita querela).

**THEREFORE, IT IS ORDERED** that the motion (R. 59) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Zedner, the case upon which defendant relies, was decided on June 15, 2006. Defendant's trial commenced on May 14, 2007. Therefore, the rule announced in Zedner is not "new." In any event, Zedner does not help defendant. In that case, the Court disapproved "prospective" waivers of the Speedy Trial Act, but left untouched the retrospective waiver provision contained in § 3162(a)(2). By failing to move to dismiss his indictment based on a violation of the Speedy Trial Act prior to the commencement of his trial, defendant waived his right to do so. 18 U.S.C. § 3162(a)(2).

2